**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

```
--------------------------------------------------------------x
In re:                                    :        Chapter 11
                                          :
CELADON GROUP, INC.,                      :        Case No. 19-_____ (__)
                     Debtor.              :
                                          :
Employer's Tax Identification No.:        :
13-3361050                                :
--------------------------------------------------------------x
In re:                                    :        Chapter 11
                                          :
A R MANAGEMENT SERVICES, INC.,            :        Case No. 19-_____ (__)
a/k/a Celadon Logistics Inc.,             :
                     Debtor.              :
                                          :
Employer's Tax Identification No.:        :
13-3313604                                :
--------------------------------------------------------------x
In re:                                    :        Chapter 11
                                          :
BEE LINE, INC.,                           :        Case No. 19-_____ (__)
                     Debtor.              :
                                          :
Employer's Tax Identification No.:        :
34-1275403                                :
--------------------------------------------------------------x
In re:                                    :        Chapter 11
                                          :
CELADON CANADIAN HOLDINGS, LIMITED, :      Case No. 19-_____ (__)
                     Debtor.              :
                                          :
Employer's Tax Identification No.:        :
81-4852539                                :
--------------------------------------------------------------x
In re:                                    :        Chapter 11
                                          :
CELADON E-COMMERCE, INC.,                 :        Case No. 19-_____ (__)
                     Debtor.              :
                                          :
Employer's Tax Identification No.:        :
35-2112711                                :
--------------------------------------------------------------x
```

```
--------------------------------------------------------------x
In re:                                      :    Chapter 11
                                            :
CELADON INTERNATIONAL CORPORATION, :             Case No. 19-_____ (__)
              Debtor.                       :
                                            :
Employer's Tax Identification No.:          :
13-3705246                                  :
--------------------------------------------------------------x
In re:                                      :    Chapter 11
                                            :
CELADON LOGISTICS SERVICES, INC.            :    Case No. 19-_____ (__)
              Debtor.                       :
                                            :
Employer's Tax Identification No.:          :
20-3820834                                  :
--------------------------------------------------------------x
In re:                                      :    Chapter 11
                                            :
CELADON MEXICANA, S.A. de C.V.,             :    Case No. 19-_____ (__)
              Debtor.                                 :
                                            :
Employer's Tax Identification No.:          :
CME971126NL7                                :
--------------------------------------------------------------x
In re:                                      :    Chapter 11
                                            :
CELADON REALTY, LLC,                        :    Case No. 19-_____ (__)
              Debtor.                       :
                                            :
Employer's Tax Identification No.:          :
45-4952559                                  :
--------------------------------------------------------------x
In re:                                      :    Chapter 11
                                            :
CELADON TRUCKING SERVICES, INC.,            :    Case No. 19-_____ (__)
              Debtor.                       :
                                            :
Employer's Tax Identification No.:          :
13-3276138                                  :
--------------------------------------------------------------x
```

2

```
------------------------------------------------------------x
In re:                                 :    Chapter 11
                                       :
DISTRIBUTION, INC.,                    :
a/k/a   FTL, Inc.,                     :    Case No. 19-_____ (__)
                        Debtor.        :
                                       :
Employer's Tax Identification No.:     :
93-1280488                             :
------------------------------------------------------------x
In re:                                 :    Chapter 11
                                       :
EAGLE LOGISTICS  SERVICES INC.,        :    Case No. 19-_____ (__)
                        Debtor.        :
                                       :
Employer's Tax Identification No.:     :
47-1747667                             :
------------------------------------------------------------x
In re:                                 :    Chapter 11
                                       :
HYNDMAN TRANSPORT LIMITED,             :    Case No. 19-_____ (__)
a/k/a   Hyndman Holdings Inc.,         :
a/k/a   Hyndman Transport (1972) Limited, :
a/k/a   1674149 Ontario Ltd.,          :
a/k/a   737389 Ontario Limited,        :
a/k/a   Amalgamation with Celadon Canada, Inc., :
                        Debtor.        :
                                       :
Employer's Tax Identification No.:     :
98-0083249                             :
------------------------------------------------------------x
In re:                                 :    Chapter 11
                                       :
JAGUAR LOGISTICS, S.A. de C.V.,        :    Case No. 19-_____ (__)
                        Debtor.        :
                                       :
Employer's Tax Identification No.:     :
JLO0002166D1                           :
------------------------------------------------------------x
```

3

```
-------------------------------------------------------------x
In re:                                  :        Chapter 11
                                        :
LEASING SERVICIOS, S.A. de C.V.,        :        Case No. 19-_____ (__)
                    Debtor.             :
                                        :
Employer's Tax Identification No.:      :
LSE960429MUA                            :
-------------------------------------------------------------x
In re:                                  :        Chapter 11
                                        :
OSBORN TRANSPORTATION, INC.,            :        Case No. 19-_____ (__)
a/k/a   Osborn Local and Dedicated,     :
                    Debtor.             :
                                        :
Employer's Tax Identification No.:      :
63-0657467                              :
-------------------------------------------------------------x
In re:                                  :        Chapter 11
                                        :
QUALITY COMPANIES LLC,                  :        Case No. 19-_____ (__)
                    Debtor.             :
                                        :
Employer's Tax Identification No.:      :
27-2174073                              :
-------------------------------------------------------------x
In re:                                  :        Chapter 11
                                        :
QUALITY EQUIPMENT LEASING, LLC,         :        Case No. 19-_____ (__)
                    Debtor.             :
                                        :
Employer's Tax Identification No.:      :
32-0232403                              :
-------------------------------------------------------------x
In re:                                  :        Chapter 11
                                        :
QUALITY INSURANCE LLC,                  :        Case No. 19-_____ (__)
                    Debtor.             :
                                        :
Employer's Tax Identification No.:      :
27-1417248                              :
-------------------------------------------------------------x
```

4

```
------------------------------------------------------------x
In re:                                  :    Chapter 11
                                        :
SERVICIOS CORPORATIVOS JAGUAR, S.C.,    :    Case No. 19-_____ (__)
                    Debtor.             :
                                        :
Employer's Tax Identification No.:      :
SCJ9703178CA                            :
------------------------------------------------------------x
In re:                                  :    Chapter 11
                                        :
SERVICIOS DE TRANSPORTACIÓN JAGUAR,     :    Case No. 19-_____ (__)
        S.A. de C.V.,                   :
                    Debtor.             :
                                        :
Employer's Tax Identification No.:      :
STJ970415R68                            :
------------------------------------------------------------x
In re:                                  :    Chapter 11
                                        :
STINGER LOGISTICS, INC.,                :    Case No. 19-_____ (__)
                    Debtor.             :
                                        :
Employer's Tax Identification No.:      :
20-0053860                              :
------------------------------------------------------------x
In re:                                  :    Chapter 11
                                        :
STRATEGIC LEASING,                      :    Case No. 19-_____ (__)
                    Debtor.             :
                                        :
Employer's Tax Identification No.:      :
20-3807534                              :
------------------------------------------------------------x
In re:                                  :    Chapter 11
                                        :
TAYLOR EXPRESS, INC.,                   :    Case No. 19-_____ (__)
                    Debtor.             :
                                        :
Employer's Tax Identification No.:      :
56-1549779                              :
------------------------------------------------------------x
```

5

```
-----------------------------------------------------------x
In re:                                      :    Chapter 11
                                            :
TRANSPORTATION INSURANCE SERVICES           :    Case No. 19-_____ (___)
RISK RETENTION GROUP, INC.,                 :
                        Debtor.             :
                                            :
Employer's Tax Identification No.:          :
47-4257197                                  :
-----------------------------------------------------------x
In re:                                      :    Chapter 11
                                            :
VORBAS, LLC,                                :    Case No. 19-_____ (___)
                        Debtor.             :
                                            :
Employer's Tax Identification No.:          :
20-8078936                                  :
-----------------------------------------------------------x
```

## MOTION OF THE DEBTORS FOR THE ENTRY OF AN ORDER DIRECTING THE JOINT ADMINISTRATION OF THE DEBTORS' CHAPTER 11 CASES

Celadon Group, Inc. and its affiliated debtors (collectively, the "Debtors"), by and through their proposed counsel, DLA Piper LLP (US), hereby submit this motion (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A**, authorizing and directing the procedural consolidation and joint administration of the above-captioned chapter 11 cases. In support of this Motion, the Debtors rely upon, and incorporate by reference, the *Declaration of Kathryn Wouters in Support of Chapter 11 Filings and First Day Pleadings* (the "First Day Declaration"),[1] filed contemporaneously with this Motion. In further support of this Motion, the Debtors respectfully state as follows:

## JURISDICTION AND VENUE

1.     The United States Bankruptcy Court for the District of Delaware (this "Court") has jurisdiction over these chapter 11 cases, the Debtors, property of the Debtors' estates and this

---

[1]     Capitalized terms used but not otherwise defined in this Motion shall have the meanings ascribed to them in the First Day Declaration.

matter under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.     Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that this Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3.     Venue of these chapter 11 cases in this district is proper under 28 U.S.C. §§ 1408 and 1409.

4.     The statutory bases for the relief requested in this Motion are section 342(c)(1) of title 11 of the United States Code (the "Bankruptcy Code"), rules 1005 and 1015 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 1015-1.

## BACKGROUND

5.     Celadon Group, Inc. and its affiliated debtors are one of the largest North American truckload freight transportation carriers, providing point-to-point shipping, warehousing, supply chain logistics, tractor leasing and other transportation and logistics services for major customers throughout North America.  Specifically, the Debtors provide long haul, regional, local, dedicated, intermodal, temperature-protect, and expedited freight services across the United States, Canada and Mexico.  Amid industry-wide headwinds, including falling freight rates, the Debtors began to experience liquidity constraints and worked with their key stakeholders to identify a solution that would maximize enterprise value for the benefit of all stakeholders.  On the date hereof (the "Petition Date"), each Debtor filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

7

6.      The Debtors continue to be in possession of their assets and to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  As of the date hereof, no trustee, examiner, or official committee of unsecured creditors has been appointed in these chapter 11 cases.  No date has been set for a meeting pursuant to section 341 of the Bankruptcy Code.

7.      Additional factual background regarding the Debtors, including their business operations, capital and debt structures and the events leading to the filing of these chapter 11 cases, is set forth in detail in the First Day Declaration, which is fully incorporated into this Motion by reference.

## **RELIEF REQUESTED**

8.      By this Motion, the Debtors seek entry of an order, pursuant to section 342(c)(1), Bankruptcy Rules 1005 and 1015, and Local Rule 1015-1, substantially in the form attached to this Motion as **Exhibit A**, (i) authorizing consolidation and joint administration of these chapter 11 cases for procedural purposes only, and (b) directing parties in interest to use a consolidated caption, indicating that any pleading they file relates to the jointly administered bankruptcy cases of "Celadon Group, Inc., *et al.*".  Specifically, the Debtors request that the Court maintain one file and one docket for all of the jointly administered cases in the case of Celadon Group, Inc. and that the cases be administered under the following consolidated caption:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

-------------------------------------------------------------x

|  | : |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| CELADON GROUP, INC., *et al.*,[1] | : | Case No. 19-_____ (___) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |

-------------------------------------------------------------x

8

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celadon Group, Inc. (1050); A R Management Services, Inc. (3604); Bee Line, Inc. (8532); Celadon Canadian Holdings, Limited (2539); Celadon E-Commerce, Inc. (2711); Celadon International Corporation (5246); Celadon Logistics Services, Inc. (0834); Celadon Mexicana, S.A. de C.V. (6NL7); Celadon Realty, LLC (2559); Celadon Trucking Services, Inc. (6138); Distribution, Inc. (0488); Eagle Logistics Services Inc. (7667); Hyndman Transport Limited (3249); Jaguar Logistics, S.A. de C.V. (66D1); Leasing Servicios, S.A. de C.V. (9MUA); Osborn Transportation, Inc. (7467); Quality Companies LLC (4073); Quality Equipment Leasing, LLC (2403); Quality Insurance LLC (7248); Servicios Corporativos Jaguar, S.C. (78CA); Servicios de Transportación Jaguar, S.A. de C.V. (5R68); Stinger Logistics, Inc. (3860); Strategic Leasing, Inc. (7534); Taylor Express, Inc. (9779); Transportation Insurance Services Risk Retention Group, Inc. (7197); Vorbas, LLC (8936). The corporate headquarters and the mailing address for the Debtors listed above is 9503 East 33rd Street, One Celadon Drive, Indianapolis, IN 46235.

9.     The Debtors further request that the Court order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code and Bankruptcy Rule 1005.

## BASIS FOR RELIEF

10.     Bankruptcy Rule 1015(b)(4) provides that "if . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order joint administration of the estates" of the debtor and such affiliates. *See* Bankruptcy Rule 1015(b)(4). Section 101(2) of the Bankruptcy Code, in turn, defines the term "affiliate," in pertinent parts, as an:

> (A) entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor . . . .

> (B) corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor . . . .

> (C) person whose business is operated under a lease or operating agreement by a debtor, or person substantially all of whose property is operated under an operating agreement with the debtor; or

> (D) entity that operates the business or substantially all of the property of the debtor under a lease or operating agreement.

*See* 11 U.S.C. § 101(2).

11.     Local Rule 1015-1 provides:

> An order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to Bankruptcy Rule 1015, supported by an affidavit, declaration or verification, which establishes that the joint administration of two or more cases pending in this Court under title 11 is warranted and will ease the administrative burden for the Court and the parties . . . .

*See* Local Rule 1015-1.

12.     In addition, Bankruptcy Rule 1005 requires:

> The caption of a petition commencing a case under the Code shall contain the name of the court, the title of the case, and the docket number. The title of the case shall include the following information about the debtor: name, employer identification number, . . . any other federal taxpayer-identification number, and all other names used within eight years before filing the petition. . . .

*See* Bankruptcy Rule 1005.

13.     As disclosed in the First Day Declaration, Debtor Celadon Group, Inc., directly or indirectly owns or controls 100% of the voting securities and/or membership interests (as applicable) of each of the other Debtor entities.  As such, the Debtors are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code.  Accordingly, this Court is authorized to jointly administer these cases for procedural purposes under Bankruptcy Rule 1015(b) and Local Rule 1015-1.

14.     The Debtors anticipate that numerous notices, applications, motions, other pleadings, hearings, and orders in these cases will affect several of the Debtors. With twenty-six (26) Debtors, each with its own case docket, the failure to administer these cases jointly would result in numerous duplicative filings for each issue, which would then be served upon separate service lists. This duplication would be extremely wasteful and would unnecessarily overburden the Clerk of the Court.

15.     Joint administration will save time and money and avoid such duplicative and potentially confusing filings by permitting counsel for all parties in interest to, among other things, (a) use a single caption on the numerous documents that will be served and filed in these chapter 11 cases and (b) file the pleadings in one case rather than in multiple cases. Moreover, this Court will be relieved of the burden of entering duplicative orders and maintaining duplicative files. Also, joint administration will ease the burden on the Office of the United States Trustee in supervising these bankruptcy cases and will permit the Clerk of the Court to use a main docket for all of the Debtors' cases, allowing the Debtors and other parties in interest to combine notices to creditors and other interested parties. Further, joint administration also will protect parties in interest by ensuring that parties in *each* of the Debtors' respective cases will be apprised of the various matters before the Court in these chapter 11 cases.

16.     The rights of the respective creditors of each of the Debtors will not be adversely affected by joint administration of these cases inasmuch as the relief sought is purely procedural and is in no way intended to affect substantive rights. Each creditor and other party in interest will maintain whatever rights it has against the particular estate in which it allegedly has a claim or right. Furthermore, because these cases involve hundreds of creditors, the entry of an order of joint administration will: (a) significantly reduce the volume of pleadings that otherwise would be

11

filed with the Clerk of this Court, (b) render the completion of various administrative tasks less costly, and (c) minimize the number of unnecessary delays associated with the administration of numerous separate chapter 11 cases.

17.     The Debtors further submit that the simplified caption contains all information required by Bankruptcy Rule 1005 and that use of the simplified caption will eliminate cumbersome and confusing procedures and help ensure a uniformity of pleading identification. Further, case-specific information will be listed in the petitions for each Debtor, which are publicly available to parties in interest or will be provided by the Debtors upon request, and this information will be included in key notices to parties in interest, such as the notices required under Bankruptcy Rules 2002(a)(1), 2002(a)(7), and 2002(b), as applicable to these chapter 11 cases.  Therefore, the Debtors submit that the policies behind the requirements of section 342(c) of the Bankruptcy Code have been satisfied.

18.     In addition, the Debtors request that the Clerk of Court make separate docket entries on the docket of each of the Debtors' cases (except that of Celadon Group, Inc.), substantially as follows:

> An order has been entered in this case consolidating this case with the case Celadon Group, Inc., Case No. 19-_____ (___), for procedural purposes only and providing for its joint administration in accordance with the terms thereof.  The docket in Case No. 19-_____ (__) should be consulted for all matters affecting this case.

19.     In view of the fact that joint administration is procedural only, the Debtors respectfully request that the Court direct that any creditor filing a proof of claim against any of the Debtors or their respective estates clearly assert its claim against the particular Debtor obligated on such claim, and not against the jointly administered Debtors.

20.     An order of joint administration relates to the routine administration of a case and may be entered by the Court in its sole discretion on an *ex parte* basis.  *See* Local Rule 1015-1.

EAST\167193262.8

The Debtors submit that no party will be prejudiced by virtue of the relief requested in this Motion. Specifically, the relief sought herein is solely procedural and is not intended to affect substantive rights.  Indeed, the relief requested in this Motion is commonly granted by this Court.  *See, e.g.*, *In re Juno USA, LP, et al.*, Case No. 19-12484 (MFW) [D.I. 22] (Bankr. D. Del. Nov. 21, 2019); *In re MTE Holdings LLC, et al.*, Case No. 19-12269 (KBO) [D.I. 95] (Bankr. D. Del. Nov. 15, 2019); *In re Destination Maternity Corporation, et al.*, Case No. 19-12256 (BLS) [D.I. 67] (Bankr. D. Del. October 22, 2019); *In re Forever 21, Inc., et al.*, Case No. 19-12122 (KG) [D.I. 99] (Bankr. D. Del. October 1, 2019); *In re Fred's, Inc., et al.*, Case No. 19-11984 (CSS) [D.I. 52] (Bankr. D. Del. September 10, 2019); *In re PWR Invest, LP, et al.*, Case No. 19-11164 (JTD) [D.I. 61] (Bankr. D. Del. Aug. 16, 2019); *In re Blackhawk Mining LLC, et al.*, Case No. 19-11595 (LSS) [D.I. 54] (Bankr. D. Del. July 22, 2019).[2]

21.     For these reasons, the Debtors submit that the relief requested herein is in the best interest of the Debtors, their estates, creditors and other parties in interest and, therefore, should be granted.  No previous request for the relief sought herein has been made to this or any other court.

## NOTICE

22.     Notice of this Motion will be provided to: (i) the Office of the United States Trustee for the District of Delaware; (ii) the United States Attorney for the District of Delaware; (iii) the parties included on the Debtors' consolidated list of fifty (50) largest unsecured creditors; (iv) the Internal Revenue Service; (v) the Securities and Exchange Commission; (vi) Schulte Roth & Zabel LLP and Landis Rath & Cobb LLP, co-counsel to Blue Torch Finance, LLC; (vii) King & Spalding

---

[2] The referenced orders are voluminous in nature and, therefore, are not attached to this Motion; however, in accordance with Local Rule 7007-2, the Debtors' proposed counsel has copies of each order and will make them available to this Court or to any party that requests them.  Additionally, the orders are available on this Court's CM/ECF PACER site at the cited docket numbers and on the dates specified above.

LLP, counsel to Luminus Energy Partners Master Fund, Ltd.; (viii) Goldberg Kohn Ltd. and Morris, Nichols, Arsht & Tunnell LLP, co-counsel to MidCap Funding IV Trust; (ix) any party that has requested notice pursuant to Bankruptcy Rule 2002; and (x) any other party in interest entitled to notice of this Motion.  As this Motion is seeking "first day" relief, notice of this Motion and any order entered in connection with this Motion will be served on all parties required by Local Rule 9013-1(m).  Due to the urgency of the circumstances surrounding this Motion and the nature of the relief in it, the Debtors respectfully submit that no further notice of this Motion is required.

[<em>Remainder of Page Intentionally Left Blank</em>]

**WHEREFORE**, the Debtors respectfully request that this Court (i) enter an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in this Motion, and (ii) grant such other and further relief as this Court may deem just and proper.

Dated:  December 8, 2019
        Wilmington, Delaware

Respectfully submitted,

**DLA PIPER LLP (US)**

*/s/ Stuart M. Brown*
Stuart M. Brown (DE 4050)
Matthew S. Sarna (DE 6578)
1201 North Market Street, Suite 2100
Wilmington, Delaware 19801
Telephone: (302) 468-5700
Facsimile:  (302) 394-2341
Email: stuart.brown@us.dlapiper.com
      matthew.sarna@us.dlapiper.com

-and-

Richard A. Chesley (*pro hac vice* admission pending)
Jamila Justine Willis (*pro hac vice* admission pending)
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 335-4500
Facsimile:  (212) 335-4501
Email: richard.chesley@us.dlapiper.com
      jamila.willis@us.dlapiper.com

*Proposed Counsel to the Debtors*

# **EXHIBIT A**

**(Order)**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

----------------------------------------------------------------x

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| CELADON GROUP, INC., *et al.*,[1] | : | Case No. 19-_____ (___) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |
|  | : |  |

----------------------------------------------------------------x  **Re: D.I. ___**

**ORDER DIRECTING THE JOINT ADMINISTRATION
OF THE DEBTORS' CHAPTER 11 CASES**

This matter coming before the court upon the *Motion of the Debtors for the Entry of an Order Directing the Joint Administration of the Debtors' Chapter 11 Cases* (the "Motion"),[2] filed by the above-captioned debtors (collectively, the "Debtors") for entry of an order (this "Order") authorizing and directing the procedural consolidation and joint administration of the above-captioned chapter 11 cases; all as further described in the Motion; and upon consideration of the First Day Declaration and the record of these chapter 11 cases; and this Court having found that (i) this Court has jurisdiction over the Debtors, their estates, property of their estates and to consider the Motion and the relief requested therein under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of*

---

[1]       The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celadon Group, Inc. (1050); A R Management Services, Inc. (3604); Bee Line, Inc. (5403); Celadon Canadian Holdings, Limited (2539); Celadon E-Commerce, Inc. (2711); Celadon International Corporation (5246); Celadon Logistics Services, Inc. (0834); Celadon Mexicana, S.A. de C.V. (6NL7); Celadon Realty, LLC (2559); Celadon Trucking Services, Inc. (6138); Distribution, Inc. (0488); Eagle Logistics Services Inc. (7667); Hyndman Transport Limited (3249); Jaguar Logistics, S.A. de C.V. (66D1); Leasing Servicios, S.A. de C.V. (9MUA); Osborn Transportation, Inc. (7467); Quality Companies LLC (4073); Quality Equipment Leasing, LLC (2403); Quality Insurance LLC (7248); Servicios Corporativos Jaguar, S.C. (78CA); Servicios de Transportación Jaguar, S.A. de C.V. (5R68); Stinger Logistics, Inc. (3860); Strategic Leasing, Inc. (7534); Taylor Express, Inc. (9779); Transportation Insurance Services Risk Retention Group, Inc. (7197); Vorbas, LLC (8936).  The corporate headquarters and the mailing address for the Debtors listed above is 9503 East 33rd Street, One Celadon Drive, Indianapolis, IN 46235

*Delaware*, dated February 29, 2012, (ii) this Court may enter a final order consistent with Article III of the United States Constitution, (iii) this is a core proceeding under 28 U.S.C § 157(b)(2)(A), (iv) venue of this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409, and (v) no further or other notice of the Motion is required under the circumstances; and this Court having reviewed the Motion and having heard the statements in support of the relief requested in the Motion at a hearing before this Court (the "<u>Hearing</u>"); and having determined that the legal and factual bases set forth in the Motion and the First Day Declaration establish just cause for the relief granted in this Order; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors' estates, their creditors and other parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED as set forth in this Order.

2.      The above-captioned cases are consolidated for procedural purposes only and shall be administered jointly under Case No. 19-_____ (___) in accordance with the provisions of Bankruptcy Rule 1015 and Local Rule 1015-1.

3.      The consolidated caption of the jointly administered chapter 11 cases shall read as follows:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

-----------------------------------------------------------------x
                                                             :
In re:                                                       :   Chapter 11
                                                             :
        CELADON GROUP, INC., *et al.*,[1]                    :   Case No. 19-_____ (___)
                                                             :
        Debtors.                                             :   (Jointly Administered)
-----------------------------------------------------------------x

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celadon Group, Inc. (1050); A R Management Services, Inc. (3604); Bee Line, Inc. (5403);

Celadon Canadian Holdings, Limited (2539); Celadon E-Commerce, Inc. (2711); Celadon International Corporation (5246); Celadon Logistics Services, Inc. (0834); Celadon Mexicana, S.A. de C.V. (6NL7); Celadon Realty, LLC (2559); Celadon Trucking Services, Inc. (6138); Distribution, Inc. (0488); Eagle Logistics Services Inc. (7667); Hyndman Transport Limited (3249); Jaguar Logistics, S.A. de C.V. (66D1); Leasing Servicios, S.A. de C.V. (9MUA); Osborn Transportation, Inc. (7467); Quality Companies LLC (4073); Quality Equipment Leasing, LLC (2403); Quality Insurance LLC (7248); Servicios Corporativos Jaguar, S.C. (78CA); Servicios de Transportación Jaguar, S.A. de C.V. (5R68); Stinger Logistics, Inc. (3860); Strategic Leasing, Inc. (7534); Taylor Express, Inc. (9779); Transportation Insurance Services Risk Retention Group, Inc. (7197); Vorbas, LLC (8936).  The corporate headquarters and the mailing address for the Debtors listed above is 9503 East 33rd Street, One Celadon Drive, Indianapolis, IN 46235.

4.       The foregoing consolidated caption shall be deemed to satisfy any applicable requirements of section 342(c) of the Bankruptcy Code and Bankruptcy Rule 1005.

5.       A docket entry shall be made on the docket in the chapter 11 case of each of the Debtors, except Celadon Group, Inc., substantially stating as follows:

> "An order has been entered in this case consolidating this case with the case of Celadon Group, Inc., Case No. 19-_____ (___), for procedural purposes only and providing for its joint administration in accordance with the terms thereof.  The docket in Case No. 19-_____ (___) should be consulted for all matters affecting this case."

6.       The Clerk of the Court shall maintain one file and one docket for the Debtors' chapter 11 cases, which file and docket shall be the file and docket for the chapter 11 case of Celadon Group, Inc., Case No. 19-_____ (___).

7.       All pleadings and other documents to be filed in the jointly administered cases shall be filed and docketed in the case of Celadon Group, Inc., Case No. 19-_____ (___).

8.       Notwithstanding the foregoing, any creditor filing a proof of claim against any of the Debtors shall clearly assert such claim against the particular Debtor obligated on such claim and not against the jointly administered Debtors, except as otherwise provided in any other order of this Court.

3

9.      Nothing contained in this Order shall be deemed or construed as directing or otherwise effecting the substantive consolidation of any of the above-captioned cases.

10.     Notwithstanding the possible applicability of Bankruptcy Rule 6004(h), the terms and provisions of this Order shall be immediately effective and enforceable upon its entry.

11.     The Debtors are hereby authorized to take all actions necessary to effectuate the relief granted in this Order.

12.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Order.

EAST\167193262.8